**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**DWAYNE McDANIELS,**

   **Petitioner,**

v.                                               **Case No. 4:19cv577-MW/CAS**

**STATE OF FLORIDA,
DEPARTMENT OF CORRECTIONS,**

   **Respondent.**

_____/

## REPORT AND RECOMMENDATION

On or about November 19, 2019, Petitioner Dwayne McDaniels, a state inmate proceeding pro se, filed a "Petition for Writ of Mandamus" and the Clerk of Court opened this case, with that filing, as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF No. 1.  The document is styled, however, for the Circuit Court of the Second Judicial Circuit, In and For Leon County, and it appears Mr. McDaniels intended to file it in that court.  *Id*.

Indeed, from a review of Mr. McDaniels' hand-written filing, it appears he wants the Second Circuit to issue a writ of mandamus directing the Department of Corrections to award him gain-time.  ECF No. 1.  Nothing indicates he is seeking federal relief.  *See id*.

Regardless, this Court cannot grant mandamus relief in a case such as this as, by statute, federal mandamus is available only to compel "an officer or employee *of the United States or any agency thereof* to perform a duty owed to the plaintiff."  28 U.S.C. § 1361 (emphasis added).  "[A] federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought."  <u>Moye v. Clerk, Dekalb Cnty Super. Ct.</u>, 474 F.2d 1275, 1276 (5th Cir. 1973).

## <u>Concluson</u>

Accordingly, it is respectfully **RECOMMENDED** that the petition, ECF No. 1, be **DISMISSED**.

## <u>Certificate of Appealability</u>

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a

constitutional right.  28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  The parties shall make any argument as to whether a certificate should issue by filing objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied.  *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that the petition (ECF No. 1) be **DISMISSED.**  It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on December 3, 2019.

S/  Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**